

FILED
CLERK, U.S. DISTRICT COURT

MAR 1 7 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE BRANDON GLASS,<br><br>Defendant. | Case No.  2:18-cr-00085-JLS-1<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

## I.

On March 17, 2025, Defendant made his initial on the petition for revocation of supervised release and warrant for arrest issued on December 19, 2024. Jelani Lindsey, with the Office of the Federal Public Defender, was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Brenda N. Galván. Defendant submitted on the recommendation of detention in the report prepared by Pretrial Services.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)].  This finding is based on:

> ☒ the allegation in the petition that Defendant failed to comply with supervised release conditions by failing to report to the Probation Office within 72 hours of release from custody, as well as Defendant's prior violations of the conditions of his supervised release.

B.   ☐   Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)].

III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: March 17, 2025

_____
/s/
MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE